

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,267-01

**EX PARTE DICHELLE MONIQUE KNOX, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W199-80215-08-HC IN THE 199TH DISTRICT COURT FROM COLLIN COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to two years' imprisonment. She did not appeal her conviction.

Applicant initially contended that her sentence was illegal because she was sentenced to a prison term when she pleaded guilty to a state jail felony. She has since amended her writ application, adding a claim that counsel at the adjudication proceedings misadvised her as to the appropriate punishment range, causing her plea of "true" to be involuntary. The habeas court made findings and recommended granting relief. However, the record contains no evidence suggesting how Applicant was advised at the time of the adjudication proceedings with respect to the applicable

range of punishment. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law in regard to Applicant's claim that counsel erred, causing her plea to be involuntary. The habeas court shall make specific findings addressing how Applicant was advised with respect to the applicable range of punishment at the adjudication stage. Should the court find that Applicant was misadvised, it shall make further findings to determine if this caused Applicant's plea of "true" to be involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 8, 2017
Do not publish